UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 4:05-CV-1 AS |
| v. ) | |
| ) | |
| A. TOBIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

Willie Robinson, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

### FAILURE TO PROTECT

Mr. Robinson alleges that on October 14, 2003, his cellmate attacked him in their cell. Mr. Robinson alleges that he had previously informed Counselor Tobin, Case Manager Jones, Cpt. Worthington, Lt. Riggle, Sgt. Craig, Sgt. Oaks, Sgt. Traux, Sgt. Hoover, Sgt. Porter, Sgt. Holt, Ofc. Bowen, Ofc. Kribb, Sgt. Loften, Ofc. Kirk, and Ofc. Harris that his cellmate was hearing voices and he was not safe.

Prisons and jails "are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." *McGill v. Duckworth*, 944 F.2d 345, 349 (7th Cir. 1991). Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985), *cert. denied*, 479 U.S. 816 (1986). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Mr. Robinson alleges that all of the defendants named above knew of the dangerous situation he was in yet failed to adequately protect him by moving him to a different cell. Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless he was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which an employer or supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

The facts alleged by Mr. Robinson do not support the allegation that any defendant, other than Counselor Tobin, was deliberately indifferent to protecting him. Mr. Robinson alleges that he spoke with Counselor Tobin from the first day that his cell mate moved into the cell about the cell mates behavior. He says she repeatedly told him that she would do something about the situation,

but he was never moved. Each of the other defendants recommended that Mr. Robinson talk to his counselor about the situation with his cell mate.

Mr. Robinson alleges Counselor Tobin was aware of the dangerous nature of his cellmate, and that his cellmate had threatened him, yet did nothing to stop the attack. "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The court cannot say beyond doubt that Mr. Robinson cannot prove any set of facts consistent with the allegations, so he will be allowed to proceed on this claim against defendant Counsel Tobin.

## CONDUCT ADJUSTMENT BOARD HEARINGS

Mr. Robinson states in his complaint that as a result of having to defend himself, a conduct report was written against him. He also submits documents relating to several other conduct reports. The conduct adjustment board found him guilty of the charges, and Mr. Robinson does not allege that the findings of guilt of any of the charges have been set aside. *Heck v. Humphrey*, 512 U.S. 477 (1994), provides that if the remedy sought under § 1983 would require a finding or judgment that would render a criminal conviction or sentence invalid, then the § 1983 plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-487. The Heck doctrine applies to prison disciplinary hearings, at least in cases such as this where a prisoner has lost good time credits. *Edwards v.*

4

*Balisok*, 520 U.S. 641 (1997). Accordingly, until the disciplinary finding of guilt has been set aside, Mr. Robinson may not file a § 1983 complaint asserting claims arising from a conduct report.

EXCESSIVE FORCE

Mr. Robinson asserts that he was assaulted by a correctional officer during a cell extraction on February 25, 2004. According to Mr. Robinson's submissions, he was horse playing with another inmate and was taken to segregation. While in the segregation cell, Sgt. Schgettmer directed Mr. Robinson to take off all of his clothes, and to open his mouth. Schgettmer told Mr. Robinson to turn around and "spread my butt cheeks and I told him that I will squat..." (Docket #5, pt. 2, pg. 34). Because Mr. Robinson wouldn't comply with the order a cell extraction team was brought to his cell. Mr. Robinson was handcuffed, legcuffed, and taken to another cell. Once in that cell he was put on the floor and one of the officers put his finger in Mr. Robinson's anus. The officer said it was clear, and uncuffed Mr. Robinson. He says he has suffered humiliation, embarrassment, and mental suffering as a result of the search.

A custody officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). In evaluating whether prison officials violated the Eighth Amendment, the court is to consider factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley*, 475 U.S. at 321. "Not every push and shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a

prisoner's constitutional rights." *Hudson v. McMillian*, 503 U.S. at 9, quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom. Johnson v. Johnson*, 414 U.S. 1033 (1973).

Mr. Robinson claims the search was cruel and unusual punishment and assault and battery by the correctional officers pursuant to the Eighth Amendment. In *Del Raine v. Williford* the court analyzed this very issue:

> In *Bell v. Wolfish*, the Court, speaking through then Justice Rehnquist, discussed the ramifications of body cavity searches for purposes of the Fourth and Eighth Amendment. While the Fourth Amendment is not at issue here, it is instructive to note the Court explanations on this issue:
>> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. A detention facility is a unique place fraught with serious security dangers. Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence. And inmate attempts to secrete these items into the facility by concealing them in body cavities are documented in this record and in other cases.
> *Id.* [441 U.S. 520, 559 (1979)].

*Del Raine v. Williford*, 32 F.3d 1024, 1039 (7th Cir. 1994).

> The Eighth Amendment's prohibition against cruel and unusual punishment stands as a protection from bodily searches which are maliciously motivated, unrelated to institutional security, and hence "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59; *see Hudson*, 468 U.S. at 530, 104 S.Ct. at 3202, *Smith v. Chrans*, 629 F.Supp. 606, 610-11 (C.D.Ill.1986).

*Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir.1987).

Mr. Robinson was placed in segregation because the officers thought he had been in a fight. Once in segregation he was undressed and had his mouth searched. When he was directed to turn around so that a visual search of his anus could be conducted, he refused. He was directed again by

Lt. Riggle to submit to the visual exam and he again refused. A cell extraction team facilitated a digital rectal examination to ensure Mr. Robinson didn't have any contraband. According to Mr. Robinson, as soon as the exam was completed he was uncuffed.

Applying the test from *Bell*, this search was reasonable. According to the facts provided by Mr. Robinson, this search was conducted in a private cell, with a nurse present, and was only as intrusive as necessary to ensure that Mr. Robinson didn't have hidden contraband. Mr. Robinson admits he refused to comply with the order to let the officers conduct a visual exam, and that he knew that if he didn't comply he would be forced to cooperate. When he didn't comply, a digital rectal exam was conducted. According to the facts supplied by Mr. Robinson this search was conducted with penological justification because he wouldn't comply with Schgettmer's order. The search was not maliciously motivated because according to Mr. Robinson the cavity search was only conducted as a result of his refusing to let the officers visually search him.

Mr. Robinson says as a result of the exam he has suffered humiliation, embarrassment, and mental suffering. "Undoubtedly, every inmate having to submit to a rectal search bears this psychological harm. However, the fact of the matter is that rectal searches in the prison are necessary, and therefore, such psychological harm is unavoidable." *Del Raine v. Williford*, 32 F.3d 1024, 1041 (7th Cir. 1994). The facts alleged by Mr. Robinson do not state a violation of the Eighth Amendment.

## CONDITIONS OF CONFINEMENT

Mr. Robinson claims that he was placed in conditions which violated his civil rights when he was put in a cell for five hours without clothing, bedding, toilet paper or shoes. After the five hours, he had only a blanket, boxer shorts, and toilet paper for the next five days. He was fed

bologna sandwiches and milk for four days. A violation of the Eighth Amendments cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer v. Brennan*, 511 U.S. at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

"Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted). Although the conditions described no doubt were unpleasant, Mr. Robinson was not injured as a result of any of the conditions and he was not deprived of the minimal civilized measure of life's necessities.

For the forgoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Counselor Tobin in her individual capacity for monetary damages on his Eighth Amendment cruel and unusual punishment claim for her failure to protect him from an attack in October 2003;

(2) DISMISSES all other defendants and claims;

(3) DIRECTS the clerk to transmit the summons and USM-285 for Counselor Tobin to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. §1915(d), to effect service of process on Counselor Tobin;

(5) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), ORDERS that defendant Tobin respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which Willie Robinson has been granted leave to proceed in this screening order.

IT IS SO ORDERED.

ENTERED:    June 2, 2005

                  /s/ ALLEN SHARP
                 Allen Sharp, Judge
                 United States District Court