# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| **WILLIE DAVID ROBINSON,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | No. 4:05cv0001AS |
| | ) | |
| **A. TOBIN, Counselor,** | ) | |
| | ) | |
| **Defendant** | ) | |

### *MEMORANDUM, OPINION AND ORDER*

On or about January 7, 2005, *pro se* plaintiff, Willie David Robinson, an inmate at the Correctional Industrial Facility in Pendleton, Indiana (CIF), filed a complaint purporting to state a claim under 42 U.S.C. § 1983, and invoking this Court's federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(3). The defendant filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) on January 25, 2006, which complies with the necessary mandates of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). This court takes full judicial notice of the entire formal record in this case which has 33 items at this writing.

Willie David Robinson is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this complaint he was incarcerated in the CIF. The defendant is a counselor at the Miami Correctional Facility in Bunker Hill, Indiana (MCF) in this district.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories

and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendant's motion.

As of this writing on June 15, 2006, the plaintiff has not responded to the motion for summary judgment. According to the papers before the court, it is alleged by the pro se plaintiff that the defendant Tobin was a counselor at the MCF during the relevant time frame here. It is further alleged that Tobin ignored the plaintiff's complaints about his cell mate and denied a request for a bed move. The plaintiff further alleged that he was attacked by his cell mate. Over the years this court has been required to deal with the responsibilities of prison officials for inter-inmate violence. As a very important preliminary, in the concept of deliberate indifference as initially set forth by Justice Marshall in *Estelle v. Gamble*, 429 U.S. 97 (1976), *see also Farmer v. Brennan*, 511 U.S. 825 (1994), and in this circuit see *McGill v. Duckworth*, 944 F.2d 344 (7th Cir. 1991), *cert. denied*, 503 U.S. 907 (1992), the burden is on the plaintiff to prove deliberate indifference. Negligence is simply not enough. *See Davidson v. Cannon*, 474 U.S. 344 (1986), and *Daniels v. Williams*, 474 U.S. 327 (1986).

There is enough presented in this record, if only barely so, that the defendant Tobin took action with regard to this plaintiff's cell mate and took up the matter with her superior.

As a part of this record there is a series of exhibits designated as A through G, both inclusive, which explicate in great detail the situation and stand before this court without contradiction. That is very important here. When the record is examined in that light, there is entitlement here to summary judgment by the defendant A. Tobin as against the plaintiff, Willie David Robinson, with each party to bear its own costs. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

    **DATED:** June 15, 2006

                                         **S/ ALLEN SHARP**
                                         **ALLEN SHARP, JUDGE**
                                         **UNITED STATES DISTRICT COURT**